## MARQUART v BALTIMORE & O RD CO
### (2 cases)

Ohio Appeals, 6th Dist, Erie Co

Nos 425 & 426. Decided April 20, 1934

Ray F. Spears, Sandusky, for plaintiff.
King, Flynn & Frohman, Sandusky, for defendant.

### OPINION

By RICHARDS, J.

Marquart commenced an action in the Court of Common Pleas to require the de-fendant company to place his name on its pension list and issue monthly payments to him during his life, and asking that the court direct judgment in his favor for the back payments of pension and for other equitable relief. The trial in the Court of Common Pleas resulted in a judgment and decree for the defendant dismissing the plaintiff's petition. From that judgment the plaintiff has prosecuted both appeal and error.

Disposition may easily be made of the appeal case. The journal entry showing the rendition of final judgment was jour-nalized on December 18, 1933, and if the case is appealable, appeal could have been taken therefrom at once. The fact that a motion for new trial was filed and another final judgment rendered thereafter, when that motion was overruled, would not pro-long the time within which an appeal could be taken. The appeal bond was not filed until January 22, 1934, which is beyond the statutory time within which an appeal may be taken and the appeal therefore should be dismissed.

The bill of exceptions sets forth all of the evidence and is very voluminous, but the controlling facts are not seriously in controversy. Marquart became an employe of the defendant company in the year 1873 and continued as such employe nearly all the time until 1921, a period of approxi-mately 48 years. After being employed, he became a member of the relief department of the company and pursuant to the pro-visions governing members of that depart-ment, deductions were made monthly from his salary and were paid into that depart-ment covering the amount of his payments. The total amount so being applied was $2742.68.

Marquart was advanced from time to time until he became foreman in the in-spection yard of the company at Sandusky, but for some reason, not clearly explained in the record, he was not in the company's employ for about a year beginning some time during the year 1909. Later on he was again in the employ of the company but was not made foreman. In the year 1920 a man by the name of Hannon was made foreman and was the immediate su-perior of this plaintiff, who appears to have believed that he himself should have been the foreman. The plaintiff and Hannon did not agree as to the method in which the work should be performd and in 1921 Marquart commenced an action in the Court of Common Pleas of this county to secure an injunction against Hannon to prevent his interfering with the duties

which Marquart claimed he was to perform. A temporary injunction was granted in that case, but on hearing was later dissolved by the court and the petition dismissed. That injunction suit naturally met with the disapproval of the company, as it plainly tended to injure the morale of its employes. It was much the same as if the principal of a public school had brought an action against the school superintendent to prevent the superintendent from interfering with the principal in the performance of his duties. Shortly thereafter, an investigation of the facts was made by the company, and thereupon Marquart was dismissed from his employment for insubordination, and all his relations with the company severed. When Marquart became 65 years of age in 1919 and was entitled to retire, he said nothing about a pension nor about retiring, and continued in his employment with the company. Some time after the discharge, he demanded of the company that he be granted a pension or, in lieu thereof, that they repay him the sum which had been paid into the relief fund on his behalf. It does not require much consideration to determine that he was not entitled to have the money refunded to him. All the time that he had remained a member of the relief department, he had been protected by the company under the provisions of the relief department. He was no more entitled to the return of the amount paid in than he would have been entitled to have an insurance company, which carried a policy of insurance on his home, refund to him the amount which he had paid for the insurance because the building had not burned during the life of the policy.

This action was not commenced until November 25, 1929, and the plaintiff claims to be entitled to be placed on the pension roll of the railroad company and also to recover numerous back payments which he asserts should have been made to him as a pensioner. Rule 100 of the defendant company, governing the relief department and determining the qualifications of those who should be entitled to pensions, provides that it is for the support of those who are members of the "relief feature or of the Baltimore & Ohio employes relief association" and who have served the company for ten consecutive years and have reached the age of 65 and shall be honorably relieved from duty.

The plaintiff cannot qualify under these provisions for as early as the summer of 1919 he refused to pay or permit the payment in his behalf of the amounts due

from him to the relief association, and thereby ceased to remain a member thereof. In addition to this, the benefits of the pension feature are only for those who have been honorably relieved from duty, whereas the plaintiff, after a hearing, was discharged for insubordination.

It may be noted that the plaintiff does not appear by the record to have exhausted his remedy provided by the rules of the company for the settlement of controversies between employes and the company, as contemplated by **Baltimore & Ohio Railroad Co. v Stankard, 56 Oh St, 224.**

The briefs of counsel and the written opinion of the Common Pleas Judge who tried the case have been very helpful to the court.

For the reasons given the appeal will be dismissed and the judgment in the error case affirmed.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.